IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARK BROWN and
ROBIN BROWN                                                                                          PLAINTIFFS

VS.                                         CASE NO. 3:21-CV-00129-BSM

PHOENIX RESCUE EQUIPMENT, INC.
and JOHN DOE NOS.1-5                                                                            DEFENDANTS

## PROTECTIVE ORDER

It is hereby ORDERED that, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs and Defendant (hereinafter, "the named parties") shall be governed by the following terms and conditions in connection with the production and disclosure of information and documents in this action:

1. In connection with discovery proceedings in this action, the named parties may designate any document, thing, material, testimony, or other information derived therefrom, as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" so long as itcontains confidential information under the terms of this Order. Confidential information is information containing trade secrets or other confidential research, development, or commercial information or material that has been maintained and is now being maintained by the producer as confidential. Confidential documents shall be so designated by stamping copies of the documents produced with the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL," stamping "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the cover of any multi-page documents

shall designate all pages of the document as confidential unless otherwise indicated.

2. The parties must make every effort to limit claims of confidentiality to specific citations (*e.g.*, pages or sentences) rather than entire documents or large swaths of blank pages.

3. Testimony taken at a deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding or by a written designation within thirty days of receipt of the transcript of the proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. The inadvertent production or disclosure of any information, document, transcript, or thing without a confidentiality designation shall not in and of itself be deemed a waiver of any named party's claim of confidentiality as to such material, nor shall an inadvertent production or disclosure of any document or communication subject to an attorney/client, work product, or other privilege be deemed a waiver of any privilege if the named party entitled to assert such privilege promptly notifies the named party to whom disclosure or production was made that the disclosure or production was inadvertent and that the privilege is not waived. A named party may "snap back" any privileged document that has been inadvertently produced by writing a letter requesting that the document be returned. Any named party receiving a "snapback" letter shall return the original and all copies of the allegedly privileged document and make no use of the information contained therein, even if the named party disputes the

underlying privilege. A named party's return of an allegedly privileged document is without prejudice to its right to seek a judicial determination of the merits of that privilege claim.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, court personnel, jury, counsel for a named party (including counsel's paralegal, clerical, and secretarial staff), and the "qualified persons" designated below:

(a) a named party, or an officer, director, or employee of a named party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) any person whose testimony is taken in this action whom counsel in good faith believes has some prior familiarity with the confidential information about to be disclosed;

(e) any person specifically referenced as an author, sender, addressee or other recipient in a document about to be disclosed whom counsel in good faith believes may have knowledge of relevant facts or of facts that may lead to the discovery of admissible evidence; and

(f) any other person as to whom the named parties in writing agree.

When disclosing Confidential Material to any qualified persons listed above, a named party shall furnish them with a copy of this Order and obtain their agreement to treat the disclosed material as confidential and to abide by this Order in the form attached as Exhibit A.

7. Nothing herein shall impose any restrictions on a named party's use or disclosure of material obtained by it independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

8. If Confidential Material is included in any papers to be filed in Court, such

papers shall be labeled "'Confidential - Subject to Court Order" and filed under seal until further order of this Court.

9. The disclosure of Confidential Material pursuant to discovery or to the procedures set forth in this Order, or any use of Confidential Material in a court proceeding in this action, shall not constitute a waiver of any secret or of any intellectual property, proprietary, or other rights to or in such material, nor shall such material lose its confidential status by such use or disclosure.

10. Nothing in this Order shall affect the admissibility into evidence of Confidential Material. However, nothing herein shall preclude a named party from seeking confidential treatment from the Court with respect to the use or disclosure of Confidential Material in court proceedings, or from raising any available objection, including without limitation objections concerning admissibility, materiality, and privilege.

11. If a dispute arises between any named parties regarding a confidentiality designation, those parties shall make a good faith effort to resolve the dispute without intervention of the Court. If that effort is unsuccessful, the party making the disputed confidentiality designation may promptly move the Court for a ruling that the designated materials are entitled toprotection. The material in question shall be treated as Confidential under the terms of this Order until such time as such motion can be heard and determined by the Court. No party shall be obliged to dispute the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such a designation.

12. This Order shall be without prejudice to the right of any named party to (a) present a motion to the Court for a separate protective order as to any particular documents or information, including restrictions differing from those as specified herein; (b) present a motion

to the Court for modification of this Order, or (c) to seek judicial review, or pursue other judicial action, with respect to any ruling made by the Court concerning the status of any designated Confidential Material.

13. If any named party inadvertently discloses Confidential Material, the disclosing party shall promptly notify the other named parties of the disclosure of the material.

14. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any named party, or to have the effect of altering any existing obligation of any named party (or the absence thereof), or to have the effect of altering the confidentiality or non-confidentiality of any such document or information.

15. This Order shall survive the final termination of this action to the extent that the information contained in any Confidential Material is not or does not become known to the public. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder and to enforce the terms of this Order, including the power to issue injunctions prohibiting disclosure of the information except pursuant to the terms of this Order. Upon termination of this case, counsel for the named parties shall assemble and return to each other all documents, materials, and deposition transcripts designated as confidential and all copies of same or shall certify the destruction thereof.

SIGNED AND ENTERED this 16th Day of May, 2022.

_____
THE HONORABLE BRIAN S. MILLER
UNITED STATES DISTRICT COURT

/s/ Michael McCarty Harrison
Michael McCarty Harrison
Friday, Eldredge & Clark, LLP.
Attorney for Defendants

/s/ Brett McDaniel
Brett McDaniel
McDaniel Law Firm
Attorney for Plaintiffs

/s/ Jordan JP Phillips
Jordan JP Phillips
McDaniel Law Firm
Attorney for Plaintiffs